```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**FREDDY S. CAMPBELL,**

      Plaintiff

v.                                    Civil Action No. 2:09-0503

**UNITED STATES OF AMERICA; CARTER COUNTY DETENTION CENTER; RANDY BINION, Chief Jailer-Carter County Detention Center; JOHN PERRINE, Supervising Marshal-United States Marshals Service; BRENDA WILBURN, R.N.-Carter County Detention Center,**

      Defendants

## MEMORANDUM OPINION AND ORDER

Pending are the motion of the United States of America and John Perrine, in his official capacity, to dismiss the plaintiff's constitutional claims for lack of subject matter jurisdiction, filed June 23, 2009; and the motion to dismiss and/or motion for summary judgment by John Perrine, filed October 5, 2009, which latter motion the court treats as a motion to dismiss.

The United States and Perrine, in his official capacity, seek dismissal of the plaintiff's claim that the United States was deliberately indifferent to the plaintiff's medical needs in violation of his Fifth and Eighth Amendment rights.

Dismissal is sought under Federal Rule of Civil Procedure 12(b)(1) on the ground that the United States has not waived its sovereign immunity for constitutional torts, such as the plaintiff's deliberate indifference claim.

Additionally, John Perrine individually seeks the dismissal of plaintiff's constitutional claims against him on the grounds that he is entitled to qualified immunity and that the claims are time-barred.

Plaintiff responded to the first motion to dismiss, stating that he "registers no objection to the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction regarding the constitutional tort claims against the United States of America and John Perrine, in his official capacity only." Similarly, plaintiff responded to Perrine's motion to dismiss, conceding that his constitutional claims against Perrine are time-barred.

Inasmuch as the plaintiff does not object to the dismissal of the constitutional claims against the United States and John Perrine in his official capacity, and it appearing proper to do so, it is ORDERED that the motion to dismiss plaintiff's constitutional claims be, and it hereby is, granted.

Inasmuch further as the plaintiff concedes that his constitutional claims against Perrine are time-barred, it is ORDERED that Perrine's individual motion to dismiss the constitutional claims as to Perrine both in his official capacity and his individual capacity be, and it hereby is, granted.[1]

Additionally, in the motion to dismiss of the United States and Perrine in his official capacity, the United States and John Perrine seek an award of their expenses and attorney fees incurred in filing the motion to dismiss pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Although this is the plaintiff's second action against the United States for deliberate indifference arising from the same circumstances, and although the court dismissed identical claims against the United States in <u>Campbell I</u>, other claims remain in this action and the court does not find that the

---

[1] Deputy Perrine remains in this action subject to the cross-claim filed against him and the United States by defendants Carter County Detention Center and Randy Binion on January 13, 2010.

plaintiff has unreasonably and vexatiously multiplied the proceedings.  The request of the United States and John Perrine for costs and fees is, accordingly, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: February 5, 2010

_____
John T. Copenhaver, Jr.
United States District Judge

4