UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FREDDY S. CAMPBELL,

       Plaintiff

v.                                Civil Action No. 2:09-0503

UNITED STATES OF AMERICA; CARTER
COUNTY DETENTION CENTER; RANDY BINION,
Chief Jailer-Carter County Detention
Center; JOHN PERRINE, Supervising
Marshal-United States Marshals
Service; BRENDA WILBURN, R.N.-Carter
County Detention Center,

       Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending is the motion, filed June 25, 2009, of the
United States to dismiss the plaintiff's claims arising under the
Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 2671-
2680, pursuant to Federal Rule of Civil Procedure 12(b)(1) for
lack of subject matter jurisdiction.


I.  Background


A. Factual Background


      This action is one for money damages arising under the
FTCA and 42 U.S.C. § 1983.  (Compl. ¶ 1, wherefore clause).

Plaintiff alleges that on June 19, 2005, while he was a pretrial detainee in the custody of Supervising Marshal John Perrine and incarcerated at the Carter County Detention Center in Kentucky, he sustained a knee injury when he fell from the top bunk in his cell.  (Compl. ¶ 11-12).  The following day, he sustained further injury to his knee, broke his finger, and injured his head while he was being transported to the federal courthouse for a hearing when the transporting officer slammed on the brakes of his vehicle, throwing plaintiff and other inmates to the floor of the vehicle.  (Id. at ¶¶ 13-14).

Thereafter, plaintiff made daily requests for medical attention for his injuries but was provided no care at either the Carter County Detention Center or the South Central Regional Jail in West Virginia, where he was later transferred.  (Id. at ¶ 15). Plaintiff notified Perrine and the office of the United States Marshals Service for the Southern District of West Virginia of his need for medical attention by letter dated September 5, 2005. (Id. at ¶ 17).  Plaintiff was not permitted to see a physician until October 11, 2005.  (Id. at ¶ 18).  Examination of plaintiff's knee revealed that he had torn ligaments, a ruptured patellar tendon, and various associated soft tissue injuries. (Id. at ¶ 19).  The physician recommended surgical treatment.

2

(Id.).  Plaintiff did not receive such treatment while he was at the Carter County Detention Center.  (Id. at ¶ 20).

He was transferred to the West Virginia South Central Regional Jail on November 16, 2005, where he remained for two weeks without receiving any medical attention.  (Id. at ¶ 21). He was then moved by the Marshals Service to a Federal Detention Center in Oklahoma where he remained until January 24, 2006, at which time he was moved again to the Federal Corrections Institution in Elkton, Ohio, where he stayed until March 6, 2006. (Id. at ¶ 22).  He did not receive medical attention for his knee at either institution.  (Id.).

It is not clear from the complaint where he went after he left Elkton, Ohio, but plaintiff alleges that on April 25, 2006, he was examined by an orthopedic physician who also recommended reconstructive surgery.  (Id. at ¶ 23).  He did not have the surgery, but rather, was given continual doses of IB Bufferin and Naproxen, which he claims has damaged his liver. (Id.).  On June 22, 2006, he was transferred to the Federal Medical Center in Lexington, Kentucky.  (Id. at ¶ 24).  On July 21, 2006, plaintiff was examined by a third orthopedic physician, who opined that his chances of having a successful surgery had been significantly reduced by the delay in providing him with

3

appropriate treatment.  (Id.).  Plaintiff remained untreated

until October 6, 2006, when he was admitted to a hospital for

knee surgery.  (Id. at ¶ 25).


B. Procedural Background


        Plaintiff instituted in this court an earlier lawsuit

("Campbell I") against Supervising Marshal John Perrine, Chief

Jailor Randy and Sheila Binson, Chief Deputy Will Bailey, and

Transportation Driver Elmore based upon the above-stated

circumstances by letter-form complaint on December 5, 2005.[1]  See

Campbell v. United States, 2:05-cv-0956 (S.D. W. Va.).  On June

18, 2007, plaintiff filed the first amended complaint in Campbell

I, adding the United States, United States Marshals Service,

Federal Bureau of Prisons, Carter County Detention Center, and

South Central Regional Jail as defendants and terminating Chief

Jailor Randy and Sheila Binson, Chief Deputy Will Bailey, and

Transportation Driver Elmore as defendants.  On July 6, 2007,

plaintiff filed the second amended complaint in Campbell I,

naming only the United States, Carter County Detention Center and

_____

[1]According to the electronic docket sheet, the case was
opened on April 4, 2006, the date on which the magistrate judge
granted plaintiff's application to proceed without prepayment of
fees.

West Virginia Regional Jail and Correctional Facility Authority
as defendants.  At the time he instituted Campbell I, he had not
exhausted his administrative remedies as required by the FTCA.
See McNeil v. United States, 508 U.S. 106, 112 (1993).
Accordingly, the claims alleged in Campbell I against the United
States were dismissed by the court for lack of subject matter
jurisdiction on April 28, 2009.

        In an effort to exhaust his administrative remedies, on
September 25, 2006, plaintiff filed a claim for administrative
settlement with the Bureau of Prisons.  Two days later, plaintiff
filed a claim for administrative settlement with the United
States Marshals Service ("USMS") on September 27, 2006.  Written
denials were issued to plaintiff, one by the Bureau of Prisons on
January 16, 2007, and one by the USMS on November 19, 2008.
Thus, both agency denials were issued while Campbell I was
pending, but before this action ("Campbell II") was filed.

        Plaintiff instituted this action, which is based upon
the same circumstances as Campbell I, in this court on May 7,
2009.  The United States moves for dismissal of the plaintiff's
FTCA claim against it under Rule 12(b)(1) of the Federal Rules of
Civil Procedure on the ground that the court is without subject
matter jurisdiction because the claim is time barred pursuant to

the six month statute of limitations of 28 U.S.C. § 2401(b) that runs from the date of mailing notice of agency denial and on the further ground that the United States has not waived its sovereign immunity for negligence caused by independent contractors.  The United States claims that the Carter County Detention Center and the South Central Regional Jail are independent contractors.

A.  Governing Standard

        Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

        The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also

6

Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).
In order to survive a motion to dismiss, "a complaint must
contain sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'" Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at
570); see also Monroe v. City of Charlottesville, 579 F.3d 380,
386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that
the court "'accept as true all of the factual allegations
contained in the complaint . . . .'" Erickson, 127 S. Ct. at
2200 (quoting Twombly, 127 S. Ct. at 1965); see also South
Carolina Dept. Of Health And Environmental Control v. Commerce
and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting
Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court
must also "draw[] all reasonable . . . inferences from th[e]
facts in the plaintiff's favor . . . ." Edwards v. City of
Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B.  Statute of Limitations

1. Bureau of Prisons

The United States contends that any suit against it

7

based on plaintiff's administrative claim presented to the Bureau
of Prisons, which was denied on January 16, 2007, is now time-
barred inasmuch as plaintiff failed to file an appropriate action
within six months of the January 16, 2007, decision.  (Compl. ¶¶
36-37).  Plaintiff does not respond to this argument.  Inasmuch
as there is a six month statute of limitations from the date of
agency denial for filing FTCA claims, plaintiff's claims against
the United States based on his Bureau of Prisons administrative
claim are time-barred under 28 U.S.C. § 2401(b).

### 2. United States Marshals Service

The United States contends that an FTCA claim against
it based on plaintiff's administrative claim against the USMS is
also time-barred.  There are two provisions of the FTCA relevant
to the question of timeliness.  The first, 28 U.S.C. § 2401(b),
sets forth two requirements for filing a tort claim against the
United States:

> (b) A tort claim against the United States shall be forever
> barred unless it is presented in writing to the appropriate
> Federal agency within two years after such a claim accrues
> or unless action is begun within six months after the date
> of mailing, by certified or registered mail, of notice of
> final denial of the claim by the agency to which it was
> presented.

Id.

8

The injuries plaintiff complains of occurred from June 19, 2005, to October 6, 2006.  Plaintiff filed an administrative claim with the USMS on September 27, 2006, satisfying the first requirement of § 2401(b).  This action was begun on May 7, 2009, within six months of USMS denial on November 19, 2008, satisfying the second requirement.  Under § 2401(b), plaintiff's claim is timely.

The second provision relevant to the issue of timeliness is 28 U.S.C. § 2675(a), providing that a claimant need not wait indefinitely for his administrative claim to be resolved by an agency; rather, "failure of an agency to make final disposition of a claim within six months after it is filed shall, <u>at the option of the claimant any time thereafter</u>, be deemed a final denial of the claim <u>for purposes of this section</u>."  <u>Id.</u> (emphasis added).

It is the position of the United States that plaintiff exercised his § 2675(a) option to deem his USMS claim denied when he first named the United States as a defendant in his Second Amended Complaint in <u>Campbell I</u> on July 6, 2007, at which time his administrative claim had been pending about nine months

9

before the USMS agency without final action.[2]  (Mem. Supp. Mot.
Dismiss 5).  The United States further argues that the plaintiff
thereby deemed his claim denied, and thus triggered the six month
statute of limitations period in § 2401(b), by virtue of which
this action, not filed until May 7, 2009, is untimely.

The law is to the contrary.  Section 2675(a) is
expressly limited by its language.  It states that a claimant
may, at his option, deem his administrative claim denied after
six months of agency inaction "for the purposes of this section."
28 U.S.C. § 2675(a).  Section 2401(b)'s definition of final
denial is, by its own terms, limited to a "mailing, by certified
or registered mail, of notice of final denial of the claim ."  28
U.S.C. § 2401(b).  There is no statutory basis for the
application of § 2401(b)'s six month limitations period to §
2675(a)'s deemed denial.

At least five federal appellate courts have held that
exercise of the § 2675(a) option does not trigger the § 2401(b)
six month limitations period.  See Pascale v. United States, 998
F.2d 186, 188 (3d Cir. 1993); McCallister v. United States ex

_____

[2]It is noted that plaintiff first named the United States
and USMS as a defendant in Campbell I in the first amended
complaint, filed June 18, 2007.

rel. United States Dep't of Agric., 925 F.2d 841, 843 (5th Cir. 1991); Taumby v. United States, 919 F.2d 69, 70 (8th Cir. 1990) (concession by the government that there is no time limit for filing an FTCA action after the plaintiff has deemed an administrative claim denied under § 2675(a)); Parker v. United States, 935 F.2d 176, 177-78 (9th Cir. 1991); Leonhard v. United States, 633 F.2d 599, n. 36 (2d Cir. 1980), cert. denied, 451 U.S. 908 (1981).

In Pascale, a case similar to this one, the plaintiff filed an administrative claim with the United States Secret Service after he was involved in a vehicle collision with a Secret Service Agent. Pascale, 998 F.2d at 186. After fifteen months of inaction by the agency, plaintiff deemed the administrative claim denied under § 2675(a) and instituted a lawsuit in July 1991. Id. Plaintiff conceded a failure to effect service of process and consented to a dismissal of his lawsuit without prejudice in February 1992. Id. Later that month, plaintiff refiled his complaint naming the United States as the defendant. Id. The district court dismissed plaintiff's second claim on the ground that it was time-barred under § 2401(b), concluding that plaintiff triggered the six month limitations period when he filed his first lawsuit. Id.

The United States Court of Appeals for the Third
Circuit reversed the district court's dismissal, holding that
plaintiff's FTCA claim was not time-barred when he refiled his
complaint more than six months after he had filed his original
suit against the government, which original suit was dismissed
for inadequacy of service.  Id. at 188-89.  The court stated, "In
short, we see no basis under the plain language of the statute to
apply the six-month limitation of § 2401(b) to a claimant who
deems an administrative claim denied, files suit under § 2675(a),
and, for an unrelated reason must refile that complaint."  Id.;
see also Reo v. U.S. Postal Service, 98 F.3d 73, 78 (3d Cir.
1996).

The United States attempts to rely on Arigo v. United
States, 980 F.2d 1159 (8th Cir. 1992) in support of its position,
but the case is distinguishable.  In Arigo, the plaintiff sent a
letter to the Department of Veteran's Affairs, eight months after
he had filed an administrative claim, explicitly withdrawing his
claim and informing the agency of his intention to institute a
civil action.  Arigo, 980 F.2d at 1160.  The United States Court
of Appeals for the Eighth Circuit held that while, "a claimant's
use of § 2675(a) . . . generally does not activate § 2401(b)," in
this case Arigo's express withdrawal removed the ability of the

12

Department of Veteran's Affairs to deny his administrative claim and thus activate the § 2401(b) time limit.  Id. at 1161. Plaintiff's actions are not that of Arigo's; there is no indication that plaintiff was endeavoring to "strip an agency of its ability to deny" or otherwise act on his claim when he amended his complaint in his prior lawsuit to include the United States.  Id.[3]

Like the plaintiff's claim in Pascale, plaintiff's USMS claim against the United States in Campbell I is not governed by the six month limitation set forth in § 2401(b).  Accordingly, plaintiff's current FTCA claim is not time-barred.

It is also to be noted that Campbell I, filed December 5, 2005, was dismissed when the United States moved some three years later on April 28, 2009, to dismiss it for lack of subject

_____

[3]The United States attempts to justify its position that, like Arigo, plaintiff removed the USMS's ability to hear his administrative claim by relying on the reason given by the USMS in its final denial of plaintiff's claim.  (Mem. Supp. Mot. Dismiss 6).  The final denial, however, is just that: a final denial for the purposes of § 2401(b).  The reason given for the denial is irrelevant in the reading of § 2401(b) and § 2675(a). See Lehman v. United States, 154 F.3d 1010, 1014 (9th Cir. 1998) ("Neither section 2401(b) nor section 2675(a) nor any other provision of the FTCA contains anything to suggest that an agency's authority to issue a notice of final denial is terminated, or even temporarily suspended, when a claimant brings an action that is timely under section 2675(a).").

13

matter jurisdiction.  At that time the case was pending on the Third Amended Complaint.  As requested by the United States, Campbell I was dismissed on the ground that plaintiff had failed to exhaust his administrative remedies before filing the action. The plaintiff has now exhausted his administrative remedies with the United States Marshals Service which denied his claim on November 19, 2008.  The plaintiff has timely filed this action on May 7, 2009, within the six-month period permitted by 28 U.S.C. § 2401(b).

IV.  Liability of the United States Under the FTCA

The FTCA creates a limited waiver of the United States' sovereign immunity by authorizing damage actions for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . .."  28 U.S.C. § 1346(b)(1). Plaintiff's complaint alleges that he injured his knee and was denied proper medical care while incarcerated in the Carter County Detention Center, and that he was further injured when he was denied proper medical care after he was transferred to the South Central Regional Jail on November 16, 2005.  (Compl. ¶¶ 12-15, 21).  Plaintiff alleges in the complaint that defendant

14

Carter County Detention Center is an agent of the United States. (Compl. ¶ 31).[4]  The United States contends, however, that the Carter County Detention Center and the South Central Regional Jail are independent contractors of the government, and asserts that they are not "employees of the Government" and do not fall under the waiver of sovereign immunity set forth in 28 U.S.C. § 1346(b)(1).

## A. Independent Contractor

The FTCA's definition of "employee of the government" includes "officers or employees of any federal agency" and "persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671.  The definition specifically excludes from the meaning of "federal agency," contractors with the United States.  Id.  ("[T]he term 'Federal agency' . . . does not include any contractor with the United States.")  At issue in this case is whether the prison entities of which plaintiff complains are excluded from the purview of the FTCA as being contractors with the government.[5]  The determination turns on the

---

[4]Plaintiff has not named South Central Regional Jail as a party in this case.

[5]The Supreme Court and the Fourth Circuit Court of Appeals have used the term "independent contractor" interchangeably with

question of control or authority of the United States over the defendant jail and jail employees, and the contract between the parties.  See Logue at 527-28; Williams at 305.

In Logue, the Supreme Court held that a state jail was not an agent of the United States when the United States had "no authority to physically supervise the conduct of the jail's employees."  Logue 412 U.S. at 530.  In Williams, our court of appeals explained that the United State's right to inspect the jail and demand compliance with federal regulations did not constitute the level of supervision and management necessary to consider the jail an employee of a federal agency.  Williams, 50 F.3d at 306.  The United States argues that, inasmuch as it was not aware of plaintiff's injuries until September 5, 2005, it cannot be held liable under the FTCA for injuries that occurred before that date at the hands of employees of the South Central Regional Jail and Carter County Detention Center.  (Mem. Supp. Mot. Dismiss 11, 14).[6]  The United States attaches to its motion

---

"contractor" in the context of the FTCA's contractor exclusion. United States v. Orleans, 425 U.S. 807, 813-14 (1976); Logue v. United States, 412 U.S. 521, 527-28 (1973); Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995).

[6]The facts and allegations in plaintiff's complaint pertaining to events that occurred before September 5, 2005, include the following: on June 19, 2005, plaintiff sustained a

to dismiss the contracts for services between the government and both South Central Regional Jail and Carter County Detention Center.

In his response to the United States' motion to dismiss, plaintiff argues that even if the Carter County Detention Center and the South Central Regional Jail are independent contractors, the United States may be held vicariously liable for their negligence.  (Resp. 3).  In support, plaintiff errantly cites <u>Logue</u>.  <u>See</u> <u>infra</u> p. 15-16.  Plaintiff also cites two district court cases purportedly addressing the government's duty to ensure the safety of federal inmates, <u>Cline</u>

_____

knee injury as a result of falling from the top bunk of his cell at Carter County Detention Center; on June 20, 2005, plaintiff sustained further injury to his knee, broke his finger and injured his head as he was transported to a hearing; and plaintiff was denied daily requests for medical attention for his injuries, which denials constituted negligence and deliberate indifference to plaintiff's medical needs.  (Compl. ¶ 12-16).  According to the complaint, on September 5, 2005, John Perrine, Supervising Marshal for the United States Marshals' Service for the Southern District of West Virginia, was notified of plaintiff's condition and his need for medical attention via letter.  (Compl. ¶ 17).  Inasmuch as the United States asserts that "the actions taken by the USMS after September 5, 2005, are not subject to this motion," the court will only consider the issue of whether the United States has waived its immunity for negligence caused by the two jails with respect to events prior to September 5, 2005.  (Mem. Supp. Mot. to Dismiss 14).  The court notes that, according to the complaint, plaintiff was transferred to the South Central Regional Jail on November 16, 2005, and remained there until "November 31 [sic], 2005."  (Compl. ¶ 21).

17

v. United States Department of Justice, 525 F.Supp. 825 (D. S.D.
1981) (finding that plaintiff stated an adequate claim for breach
of the US marshals' duty to ensure that plaintiff was held in
secure surroundings); and Brown v. United States, 374 F.Supp. 723
(E.D. Ark. 1974) (finding government negligent for confining
plaintiff in a facility it reasonably should have known created a
risk of assaults by fellow inmates).  Both Cline and Brown refer
to circumstances in which the government knew or should have
known of threats of violence posed to a federal inmate in the
jail in which he was confined.  That is not the situation alleged
by plaintiff here.

        Furthermore, in determining the vicarious liability of
the United States under the FTCA, our court of appeals has
applied state respondeat superior law under the doctrine of lex
loci delicti.  Gupton v. United States, 799 F.2d 941, 942 (1986).
In both West Virginia and Kentucky, where South Central Regional
Jail and Carter County Detention Center are located,
respectively, it is the general rule that an employer of an
independent contractor is not liable for the harm caused by the
independent contractor.  Barefield v. DPIC Companies, Inc., 215
W.Va. 544, 557 n.18, 600 S.E.2d 256, 269 n.18 (W. Va. 2004);
Williams v. Kentucky Dept. of Educ., 113 S.W.3d 145, 151 (Ky.

18

2003).  Although there are exceptions to this principle,
plaintiff has offered none that apply in this instance.


B. Rule 12(b)(1) Standard

        A motion to dismiss for lack of subject matter
jurisdiction pursuant to Rule 12(b)(1) may be presented in one of
two ways.  <u>United States v. North Carolina</u>, 180 F.3d 574, 580
(4th Cir. 1999).  First, the defendant may claim that the
plaintiff has not asserted facts in the complaint upon which
subject matter jurisdiction can be based.  <u>Adams v. Bain</u>, 697
F.2d 1213, 1219 (4th Cir. 1982).  Second, the defendant can
assert that the allegations in the complaint establishing
jurisdiction are not true.  <u>Id.</u>  In the first case, the plaintiff
receives the same procedural protection as he would under
12(b)(6).  <u>Id.</u>  In the second case, the "'court may then go
beyond the allegations of the complaint and in an evidentiary
hearing determine if there are facts to support the
jurisdictional allegations,' without converting the motion to a
summary judgment proceeding."  <u>Kerns v. United States</u>, 585 F.3d
187, 192 (4th Cir. 2009) (quoting <u>Adams</u>, 697 F.2d at 1219).[7]

_____

        [7]The court takes note of Rule 12(d) in support in that it
omits mention of Rule 12(b)(1): "If, on a motion under Rule
12(b)(6) or 12(c), matters outside the pleadings are presented to

19

Here, the United States is essentially challenging the accuracy of the allegations in the complaint that it is liable under the FTCA for injuries caused by the Carter County Detention Center and the South Central Regional Jail. The government contends that neither of the two facilities is an instrumentality of the United States and that the plaintiff's allegations to the contrary are incorrect. Accordingly, the second governing standard applies, namely, the standard permitting the court to consider evidence beyond the complaint without converting the Rule 12(b)(1) motion to one seeking summary judgment. In this instance, however, an evidentiary hearing is unnecessary. <u>See Williams</u>, 50 F.3d at 304 (noting that the trial court, on a 12(b)(1) motion, is "'free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" (citing <u>Mortensen v. First Federal Sav. Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977)). Inasmuch as the authenticity and applicability of the contracts attached as exhibits to the United States' motion to dismiss are not disputed, the court will consider the contracts in ruling upon the motion.

The contracts for services between the government and

---

and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

the jails set forth an agreement that the jails will house federal prisoners in exchange for government funding.  In the contracts, the jails agree to provide medical services, transportation to and from court and medical facilities, prisoners' meals, a smoke and fire detection and alarm system, a water supply and waste disposal program, and adequate jail staff. (Carter County Contract Arts. III, XIII, XV, XVI; South Central Contract Arts. III, XIV, XVI).  The United States retains the right to conduct periodic inspections of the jails by USMS Inspectors to ensure compliance with the contract provisions. (Carter County Contract Art. XIII; South Central Contract Art. XIV).

The contractual relationship created by the agreements lacks the day-to-day supervision by the government necessary for the jails to fall under the FTCA's definition of "employee of the government."  As noted in Williams, the right to inspect is not sufficient oversight to constitute an employer/employee relationship for the purposes of the FTCA.  50 F.3d at 306. Inasmuch as the two jails are contractors with the United States, the United States is insulated from liability under the FTCA for the wrongdoing of the employees of the jails.

21

IV. Conclusion

Based upon the foregoing, it is ORDERED that the motion of the United States be, and it hereby is, granted to the extent it seeks dismissal of plaintiff's claims as time-barred against the United States with respect to his Bureau of Prisons claim.

It is further ORDERED that the motion be denied to the extent that it seeks dismissal of plaintiff's claims as time-barred against the United States with respect to his US Marshals Service claim.

It is further ORDERED that the motion of the United States be, and it hereby is, otherwise granted, and the plaintiff's claims against the United States insofar as they relate to injuries and medical treatment he received or did not receive while under the care of the South Central Regional Jail and Carter County Detention Center before September 5, 2005, are dismissed.  See fn. 6, infra, at pp. 16-17.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: February 24, 2010

John T. Copenhaver, Jr.
United States District Judge

22