```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**FREDDY S. CAMPBELL,**

       Plaintiff

v.                                    Civil Action No. 2:09-0503

**UNITED STATES OF AMERICA;
CARTER COUNTY DETENTION CENTER;
RANDY BINION, Chief Jailer-Carter
County Detention Center; JOHN
PERRINE, Supervising Marshal-
United States Marshals Service;
BRENDA WILBURN, R.N.-Carter
County Detention Center,**

       Defendants


<u>**MEMORANDUM OPINION AND ORDER**</u>


       Pending are the motion of John Perrine, in his individual capacity, to dismiss the cross-claim of Carter County Detention Center and Randy Binion, filed January 22, 2010, the motion of John Perrine, in his official capacity, and the United States of America to dismiss the cross-claim of Carter County Detention Center and Randy Binion, filed January 22, 2010, and the motion of Carter County, Kentucky and Randy Binion for summary judgment, filed February 26, 2010.[1]

---

      [1]The motion for summary judgment purports to be on behalf of Carter County, Kentucky and Randy Binion, but Carter County, Kentucky is not a named party to this case.  Inasmuch as the motion does not refer to Carter County, Kentucky beyond the first paragraph, and instead refers to Carter County Detention Center,

I.

The underlying facts of this case are fully set forth in the memorandum order entered in this action on February 24, 2010, and need not be repeated here.  The court notes that plaintiff instituted in this court an earlier lawsuit ("Campbell I") against Supervising Marshal John Perrine, "Chief Jailor Randy and Sheila Binson [sic]," Chief Deputy Will Bailey, and Transportation Driver Elmore based upon the same facts as the instant action ("Campbell II") on December 5, 2005.  See Campbell v. United States, 2:05-cv-0956.  Plaintiff amended his Campbell I complaint on June 18, 2007, thereby terminating as defendants "Chief Jailor Randy and Sheila Binson," Chief Deputy Will Bailey, and Transportation Driver Elmore; and thereby adding as defendants the United States, Carter County Detention Center and West Virginia Regional Jail and Correctional Facility Authority.  Campbell I was dismissed for lack of subject matter jurisdiction on May 11, 2009.  Plaintiff instituted Campbell II on May 7, 2009.

---

the court will assume the motion to be on behalf of the defendants Carter County Detention Center and Randy Binion.

II.

Carter County Detention Center and Randy Binion move for summary judgment on the grounds that plaintiff failed to comply with the Prison Litigation Reform Act ("PLRA") by not exhausting his administrative remedies, that plaintiff's claims are barred by the statute of limitations, and that the court lacks personal jurisdiction over Carter County Detention Center and Randy Binion.  (Mem. Supp. Summ. J. 2).  Plaintiff responds in his opposition to the motion for summary judgment that he did exhaust his administrative remedies orally, if not in writing, and that the grievance procedures offered by the Carter County Detention Center "were not sufficiently clear to constitute 'available administrative remedies.'"  (Opp. 3).  Plaintiff further responds that his claims were timely filed within six months of the denial of his administrative claims issued by the United States Marshals Service, and that this court does not lack personal jurisdiction over Carter County Detention Center and Randy Binion pursuant to 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1391(e), and 28 U.S.C. § 2401.  (Opp. 4-5).

III.

Plaintiff asserts that his complaint is timely "based

on the written denial issued by the United States Marshals Service (USMS) because the formal agency denial letter that triggers Section 2401(b)'s six-month limitations period did not start to run until the USMS sent said letter on November 19, 2008." (Opp. 4).  Section 2401(b) sets forth the statute of limitations on a tort claim against the United States, but plaintiff's claims against Carter County Detention Center and Randy Binion are not governed by this limitations period.

In his complaint, plaintiff repeatedly alleges negligence and deliberate indifference on the part of defendants for failure to address his medical needs.  Plaintiff further claims that the defendants' negligence and deliberate indifference amount to violations of the due process clause of the Fifth Amendment and cruel and unusual punishment in violation of his Eighth Amendment rights.  Plaintiff does not specifically frame a § 1983 claim in his complaint, but he asserts in his opposition to the motion for summary judgment by Carter County Detention Center and Randy Binion that the court has jurisdiction over both of them "for Bivens actions and 42 U.S.C. § 1983 actions."  (Opp. 5).

Inasmuch as Bivens actions are designed as actions against federal officers, plaintiff does not have a Bivens remedy

against Carter County Detention Center or Chief Jailer Randy Binion. Holly v. Scott, 434 F.3d 287, 291, 294 (4th Cir. 2006). Further, Carter County Detention Center is not a suable entity in that it does not qualify as a "person" under 42 U.S.C. § 1983 and plaintiff cannot bring a § 1983 action against it. See Castillo v. Cook County Mail Room Dept., 990 F.2d 304, 307 (7th Cir. 1993) (finding that the defendant "Mail Room Dept." at the "Cook County Jail" was a subdivision of Cook County and not subject to suit); Rhodes v. McDamiel, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the county Sheriff's Department is not a suable entity under § 1983). This leaves plaintiff with a § 1983 claim for Fifth and Eighth Amendment violations against Randy Binion, and negligence claims against Carter County Detention Center and Randy Binion.

A. Plaintiff's § 1983 Claim Against Randy Binion Is Time-Barred

Insofar as plaintiff alleges a § 1983 claim against Randy Binion, the statute of limitations is borrowed from the applicable state's limitations period for a personal injury action. Owens v. Okure, 488 U.S. 235, 236, 239 (1989). In Kentucky, the appropriate statute of limitations is one year, pursuant to § 413.140(1)(a) of the Kentucky Revised Statutes. Bonner v. Perry, 564 F.3d 424, 430-31 (6th Cir. 2009).

Plaintiff's claims stem from his June 19, 2005, knee injury, and subsequent lack of medical treatment. Plaintiff was transferred from Carter County Detention Center on January 12, 2006. After that date, Carter County Detention Center and Randy Binion were no longer in a position to deny plaintiff medical treatment, and plaintiff does not suggest his claims against those defendants accrued after he was transferred. Accordingly, plaintiff had one year, or until January 12, 2007, to file his § 1983 claim against Randy Binion.

Plaintiff first brought suit against Randy Binion before he was transferred when he filed <u>Campbell I</u> on December 5, 2005, and named him as a defendant. Thus, the one year statute of limitations on the claims against Randy Binion did not begin to run until plaintiff amended his complaint on June 18, 2007, at which time Randy Binion was terminated as a defendant. Because plaintiff did not institute this action until May 7, 2009, nearly two years after the clock started running, his § 1983 claim against Randy Binion is time-barred.

B. Plaintiff's Negligence Claims Against Carter County Detention Center and Randy Binion Are Time-Barred

Under Kentucky law, the statute of limitations for a

claim of negligence is one year, pursuant to Kentucky Revised Statute § 413.140.  See Stivers v. Ellington, 140 S.W.3d 599, 600 (Ky. Ct. App. 2004).  Just as plaintiff's § 1983 claim against Randy Binion is barred under a one year statute of limitations, so, too, is his negligence claim against Randy Binion.

As to plaintiff's negligence claim against Carter County Detention Center, he did not initiate his first action against Carter County Detention Center until June 18, 2007, when he added it as a defendant in his amended complaint in Campbell I.  Inasmuch as the latest date plaintiff's claims against Carter County Detention Center could have accrued was January 12, 2006, the one year statute of limitations had already run when he first brought suit against Carter County Detention Center.  The statute of limitations remained exhausted at the outset of the instant Campbell II action.

Accordingly, plaintiff's claims against Carter County Detention Center and Randy Binion are time-barred unless he is relieved by the statutory savings provision he sets forth in his opposition to the motion for summary judgment.

**C.  Kentucky Revised Statutes § 413.270 and § 413.280 Do Not Apply to Plaintiff's Claims**

Plaintiff argues that his action is nevertheless timely because the "Kentucky Savings Statute" allows for the extension of the statute of limitations for one year after <u>Campbell I</u> was dismissed or, in the alternative, "the limitation of actions does not attach because Freddy Campbell is a person under more than one disability.  36 Kentucky Statutes §413.280 [sic]."  (Opp. 5).

The "Kentucky Savings Statute," presumably referring to Kentucy Revised Statute § 413.270, provides that if an action is commenced in Kentucky and it is dismissed for lack of jurisdiction, the plaintiff may commence a new action in the proper court within 90 days and the time between the first and last actions will not be counted in the limitations period.  Ky. Rev. Stat. Ann. § 413.270.  Inasmuch as neither of plaintiff's actions were filed in Kentucky, this statute does not render his claims against Carter County Detention Center and Randy Binion timely.  <u>See</u> <u>Blair v. Peabody Coal Co.</u>, 909 S.W.2d 337, 339 (Ky. Ct. App. 1995) ("[T]he phrase 'in any court of this state' includes only those federal or state 'courts,' . . . which are physically located within the state of Kentucky.").

Moreover, West Virginia's equivalent to the Kentucky

8

Savings Statute, W.Va. Code § 55-2-18, allows a plaintiff to refile his action within one year of an order dismissing the action for a reason not based on the merits. It is of no assistance to plaintiff. As discussed above, the time between the dismissal of Randy Binion in <u>Campbell I</u> and the initiation of <u>Campbell II</u> is more than one year, and plaintiff's claims against Carter County Detention Center were barred by the statute of limitations before it was even added as a defendant in <u>Campbell I</u>.

Plaintiff also cites Kentucky Revised Statute § 413.280 in support of his assertion that his claims against Carter County Detention Center and Randy Binion are not barred by the statute of limitations. This statute states, "When two (2) or more disabilities exist in the same person at the time the cause of action accrues, the limitation does not attach until they are all removed." Ky. Rev. Stat. Ann. § 413.280. Plaintiff states that he is "a person under more than one disability," but inasmuch as he provides no evidence or other support for this assertion, the court declines to apply this statute to his claims.

IV.

For the reasons set forth herein, it is ORDERED that

9

the motion for summary judgment be, and it hereby is, granted, and Carter County Detention Center and Randy Binion are dismissed from this action.

Inasmuch as cross-claimants Carter County Detention Center and Randy Binion are dismissed and they acquiesce to the dismissal of their cross-claims against John Perrine in his official and individual capacity, and inasmuch further as their cross-claim against the United States was only brought "to ensure an apportionment instruction at trial" with respect to a determination of negligence by the parties, it is ORDERED that the motions to dismiss the cross-claims be, and they hereby are, granted, and that John Perrine be, and he hereby is, dismissed from this action.[2]

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 28, 2010

John T. Copenhaver, Jr.
United States District Judge

---

[2] The claims against John Perrine have otherwise been dismissed by order entered February 5, 2010.