UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


FREDDY S. CAMPBELL,

      Plaintiff,


v.                                     Civil Action No. 2:09-0503


UNITED STATES OF AMERICA, and
CARTER COUNTY DETENTION CENTER and
RANDY BINION, Chief Jailer --
Carter County Detention Center and
JOHN PERRINE, Supervising Marshal --
United States Marshals Service and
BRENDA WILBURN, R.N.- -
Carter County Detention Center,

      Defendants.



MEMORANDUM OPINION AND ORDER


      Pending is plaintiff's motion for relief from final judgment order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) motion"), filed May 23, 2011.


      On January 31, 2011, the court entered its Judgment dismissing this action.  On March 23, 2011, plaintiff, who was represented by counsel until May 6, 2011, filed a notice of appeal pro se.  The appeal is pending.

In <u>Fobian v. Storage Technology Corp.</u>, 164 F.3d 887 (4th Cir. 1999), the court of appeals addressed the proper treatment of a Rule 60(b) motion when an appeal from the associated judgment is pending:

> In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. <u>If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith</u>; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

<u>Id.</u> at 891 (emphasis added).

Plaintiff's Rule 60(b) motion asserts, in essence, that his former counsel acted negligently in prosecuting this case. If plaintiff wishes to pursue a claim for legal malpractice, he must do so in a separate civil action.  He may not embed such a claim, and secure a remedy, within this case.

Moreover, the Rule 60(b) motion lacks sufficient detail explaining why counsel's actions fell below the applicable standard of care.  In other instances, plaintiff simply misstates

2

the record.  For example, plaintiff asserts that counsel's
actions resulted in the limitations period running on claims
against the Bureau of Prisons.  In actuality, the Bureau of
Prisons is not a proper party in a suit brought pursuant to the
Federal Tort Claims Act (FTCA").  The United States is the only
cognizable defendant under the FTCA, not its agencies or
instrumentalities.  See, e.g., 28 U.S.C. § 1346(b); 28 U.S.C. §
2679(a).

Based upon the foregoing, it is ORDERED that the Rule
60(b) motion be, and it hereby is, denied.

The Clerk is directed to transmit a copy of this
written opinion and order to the appellate case manager.  The
Clerk is further directed to forward copies to all counsel of
record and plaintiff, at the following address:

Freddy S. Campbell,
#05722-088
Federal Medical Center
P. O. Box 14500
Lexington, KY 40512

DATED: May 27, 2011

John T. Copenhaver, Jr.
United States District Judge