```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                 AT CHARLESTON
```

**FREDDY S. CAMPBELL,**

      Plaintiff,

v.                                          Civil Action No. 2:09-0503

**UNITED STATES OF AMERICA, and
CARTER COUNTY DETENTION CENTER and
RANDY BINION, Chief Jailer --
Carter County Detention Center and
JOHN PERRINE, Supervising Marshal --
United States Marshals Service and
BRENDA WILBURN, R.N.- -
Carter County Detention Center,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's second motion for relief from final judgment order pursuant to Federal Rule of Civil Procedure 60(b) ("second Rule 60(b) motion"), filed June 13, 2011.

On January 31, 2011, the court entered its Judgment dismissing this action. On March 23, 2011, plaintiff, who was represented by counsel until May 6, 2011, filed a notice of appeal pro se. The appeal is pending.

In Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir. 1999), the court of appeals addressed the proper

treatment of a Rule 60(b) motion when an appeal from the associated judgment is pending:

> In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. <u>If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith</u>; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

<u>Id.</u> at 891 (emphasis added).

Plaintiff's second Rule 60(b) motion, similar to a now-adjudicated Rule 60(b) motion he previously filed on May 23, 2011, asserts, in part, that his former counsel rendered deficient representation in prosecuting this case. As noted in resolving the earlier Rule 60(b) motion, if plaintiff wishes to pursue a claim for legal malpractice, he must do so in a separate civil action. He may not embed such a claim, and secure a remedy, within this case. Our court of appeals' precedent provides as much. <u>See</u>, e.g., <u>Robinson v. Wix Filtration Corp. LLC</u>, 599 F.3d 403, 413 (4th Cir. 2010) ("This court has held that

'a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [Rule] 60(b).'") (quoting Evans v. United Life & Accident Ins. Co., 871 F.2d 466, 472 (4th Cir. 1989)).

The balance of the motion requires a more extended discussion.  Plaintiff asserts that a February 24, 2010, memorandum opinion and order ("2010 order") entered herein is void pursuant to Rule 60(b)(4).  The 2010 order concluded, inter alia, that plaintiff's claim against the Bureau of Prisons ("BOP"), made pursuant to the Federal Tort Claims Act ("FTCA"), was barred by the limitations provision found in 28 U.S.C. § 2401(b).

Plaintiff notes that he originally instituted a pro se action with a letter-form complaint on December 5, 2005 ("Campbell I").  Campbell I involved the same injuries at issue in the instant case, which the court will hereafter refer to as Campbell II.  On the same day that Campbell I was filed, plaintiff was committed to the custody of the BOP according to the Judgment entered in his then-pending criminal case.  The only federal defendant that was apparently named in Campbell I initially was a deputy with the United States Marshals Service ("USMS"), against whom plaintiff alleged a negligence claim that

3

would have arisen, if at all, under the FTCA.  On February 9, 2006, counsel appeared on plaintiff's behalf.

On September 25, 2006, plaintiff filed an administrative claim with the BOP.  On September 27, 2006, plaintiff filed a similar claim with the USMS.  On January 16, 2007, the BOP denied plaintiff's administrative claim.  On June 18, 2007, plaintiff amended his complaint in <u>Campbell I</u> to assert, <u>inter</u> <u>alia</u>, an FTCA claim against the BOP.  He also alleged claims against other federal defendants in the amended complaint, namely, the United States, the USMS, and the USMS deputy named by him originally on December 5, 2005.

On July 6, 2007, plaintiff filed a second amended complaint, naming only the United States and certain state defendants.  That same day plaintiff also filed a "NOTICE OF DISMISSAL WITHOUT PREJUDICE" that voluntarily dismissed, without prejudice, the USMS, the BOP, and the USMS deputy named originally on December 5, 2005.  Six days later plaintiff's counsel moved to withdraw based upon a perceived conflict of interest.  On August 23, 2007, the United States Magistrate Judge granted counsels' request.

On September 28, 2007, the magistrate judge stayed the case pending the appearance of new counsel for plaintiff.  On May 20, 2008, new counsel appeared for plaintiff.  On November 19, 2008, the USMS administrative claim was denied.  On December 2, 2008, plaintiff moved for leave to file a third amended complaint.  On January 8, 2009, the third amended complaint was filed, naming the United States as the only federal defendant.

On April 7, 2009, the United States moved to dismiss the claims alleged in the third amended complaint.  It noted as follows:

> In this case, the plaintiff filed his negligence action prior to exhausting his administrative remedy. The court lacked subject matter jurisdiction at that time and when plaintiff filed his Second Amended Complaint alleging negligence and FTCA exhaustion, the court subsequently acquired no subject matter jurisdiction. Plyler v. United States, 900 F.2d 41 (4th Cir. 1990). The Third Amended Complaint suffers from the same jurisdictional deficit.

(U.S. Mot. to Dism. at 4).  On April 27, 2009, plaintiff joined in the motion based upon his failure to exhaust his administrative remedies prior to instituting Campbell I.  On April 28, 2009, the court dismissed the case, concluding that, pursuant to McNeil v. United States, 508 U.S. 106, 113 (1993), the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.  On May 11,

2009, following dismissal of the only remaining state defendant, Judgment was entered. No appeal was taken.

On May 7, 2009, plaintiff, again by counsel, instituted Campbell II. In addition to state defendants, he named the United States, the USMS, and the same USMS deputy that was an original party defendant in Campbell I. The United States, relying again upon limitations defenses available to it under the FTCA, moved to dismiss the claims in Campbell II. Some of those claims were based upon the alleged negligence of the BOP, despite the fact that the agency was not named as a party defendant.

In addressing the United States' motion as it related to the alleged negligence of the BOP, the court noted as follows in the February 2010 order in Campbell II:

> The United States contends that any suit against it based on plaintiff's administrative claim presented to the Bureau of Prisons, which was denied on January 16, 2007, is now time barred inasmuch as plaintiff failed to file an appropriate action within six months of the January 16, 2007, decision. (Compl. ¶¶ 36-37). Plaintiff does not respond to this argument. Inasmuch as there is a six month statute of limitations from the date of agency denial for filing FTCA claims, plaintiff's claims against the United States based on his Bureau of Prisons administrative claim are time-barred under 28 U.S.C. § 2401(b).

Slip op at 7-8. The court additionally concluded, however, that the FTCA claim relating to the USMS was not time barred.

6

In his second Rule 60(b) motion, plaintiff now appears to allege that his June 18, 2007, amended complaint in Campbell I which asserted, <u>inter</u> <u>alia</u>, an FTCA claim against the BOP, sufficed to satisfy the section 2401(b) bar.  As illustrated above, however, that argument is not so much directed at the February 2010 order as it is the choices made by plaintiff's lawyers.

For example, counsel might have chosen not to have voluntarily dismissed the BOP in Campbell I or, alternatively, appealed the May 11, 2009, Judgment entered therein.  Counsel might also have chosen to formally name the BOP as a party defendant in Campbell II or at least opposed the dismissal of the FTCA claims based upon that agency's alleged negligence.  The court does not pass on whether any of these decisions constituted deficient representation.  They are the voluntary decisions, however, that resulted in the BOP not being pursued.  As such, they would not form the basis for relief pursuant to Rule 60(b), as construed by our court of appeals in the recent Robinson decision.[1]

---

[1] There is also doubt respecting whether it was permissible under governing law to add the BOP to Campbell I by way of the June 18, 2007, amended complaint.  Plaintiff asserts that the injuries caused by the BOP "occured [sic] from January 12, 2006 . . . until October 6, 2006 . . . ."  (Sec. Rule 60(b) Mot. at 3).
(continued...)

7

Based upon the foregoing, it is ORDERED that the second Rule 60(b) motion be, and it hereby is, denied.

The Clerk is directed to transmit a copy of this written opinion and order to the appellate case manager. The Clerk is further directed to forward copies to all counsel of record and plaintiff, at the following address:

>  Freddy S. Campbell,
>  #05722-088
>  Federal Medical Center
>  P. O. Box 14500
>  Lexington, KY 40512

DATED: June 20, 2011

John T. Copenhaver, Jr.
United States District Judge

---

[1](...continued)
Accordingly, the last act of negligence by the BOP was October 6, 2006. Campbell I was pending on that date, along with September 25, 2006, the date that plaintiff filed his administrative claim with the BOP. As noted in McNeil, however, "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil, 508 U.S. at 113. The court recognizes that, when Campbell I was instituted on December 5, 2005, plaintiff likely had no grievance against the BOP. Indeed, he was only transferred to BOP custody that very day. Plaintiff has not explained why, however, that the rule in McNeil should not be construed to reach this situation, especially when the claims against the USMS were dismissed in Campbell I on McNeil grounds. Plaintiff also does not address an alternative basis for dismissal of the BOP on subject matter jurisdiction grounds, namely, the discretionary function exception.